Dear Mr. Scruby:
On behalf of the Board of County Commissioners of Clay County, you have asked for my opinion on the following question:
Pursuant to section 28.24(12)(e)1., Florida Statutes, may the board of county commissioners use the proceeds of the service charge distributed under this statute for payment of the cost of installing fiber optic cable throughout the county courthouse, if the cable will be employed to transmit the digitized voice, facsimile and data signals of a unified telephone and computer network?
According to your letter, the Clay County Board of County Commissioners has undertaken construction of a substantial renovation and addition to the existing county courthouse. The Information Technology Division of the county's Budget and Administrative Services Department supervised the transition of the county-wide telephone system to "Voice over Internet Protocol" (VoIP) technology. Utilizing this technology, telephone voice and facsimile signals are converted to digital information packets that can be transmitted over dedicated computer data lines rather than telephone networks. Fiber optic cable is currently being installed throughout the courthouse addition to handle the digital voice and facsimile transmissions being managed through the county's VoIP telephone system, as well as the data signals within the county's computer network. This will eliminate any duplication of the wiring infrastructure for these systems. You advise that the overall capacity of the unified telephone and computer network system, including the lines and routing equipment, is limited and based on demand, approximately 75% of system's capacity is used for data signals within the county's computer system and 25% for voice communication.
You were asked and responded to a request from the county manager to advise him whether the cost of installing the same fiber optic cable throughout the existing courthouse during its renovation could be funded using proceeds of the service charge distributed to the board under section 28.24(12)(e), Florida Statutes. Your memorandum of law identifies concerns you have about the validity of any such expenditure. The county commission now requests my opinion on this question.
Section 28.24, Florida Statutes, provides for the imposition of service charges by the clerk of the circuit court. These charges are authorized for services performed by the clerk's office in recording documents and instruments and in accomplishing those duties, such as copying and certifying documents, that are specified in the statute. Pursuant to subsection (12)(e):
"An additional service charge of $4 per page shall be paid to the clerk of the circuit court for each instrument listed in s. 28.222, except judgments received from the courts and notices of lis pendens, recorded in the official records. From the additional $4 service charge collected:
1. If the counties maintain legal responsibility for the costs of the court-related technology needs as defined in s. 29.008(1)(f)2. and (h), . . . $2 shall be distributed to the board of county commissioners to beused exclusively to fund court-related technology, and court technologyneeds as defined in s. 29.008(1)(f)2. and (h) for the state trialcourts, state attorney, public defender, and criminal conflict and civilregional counsel in that county." (e.s.)
Your question involves the appropriate use of this $2 distribution by the county commission.[1]
Section 29.008, Florida Statutes, provides guidelines for county funding of court-related functions. The statute recognizes that ArticleV, section 14, of the Florida Constitution requires counties
"to fund the cost of communications services, existing radio systems, existing multiagency criminal justice information systems, and the cost of construction or lease, maintenance, utilities, and security of facilities for the circuit and county courts, public defenders' offices, state attorneys' offices, guardian ad litem offices, and the offices of the clerks of the circuit and county courts performing court-related functions."[2]
The statute includes definitions for terms related to the provision of court-related functions. Thus, "communications services" are defined in s. 29.008(1)(f), Florida Statutes, as:
"[A]ny reasonable and necessary transmission, emission, and reception of signs, signals, writings, images, and sounds of intelligence of any nature by wire, radio, optical, audio equipment, or other electromagnetic systems and includes all facilities and equipment owned, leased, or used by judges, clerks, public defenders, state attorneys, guardians ad litem, criminal conflict and civil regional counsel, and all staff of the state courts system, state attorneys' offices, public defenders' offices, and clerks of the circuit and county courts performing court-related functions. Such system or services shall include, but not be limited to:
* * *
2. All computer networks, systems and equipment, including computer hardware and software, modems, printers, wiring, network connections, maintenance, support staff or services including any county-funded support staff located in the offices of the circuit court, county courts, state attorneys, public defenders, guardians ad litem, and criminal conflict and civil regional counsel; training, supplies, and line charges necessary for an integrated computer system to support the operations and management of the state courts system, the offices of the public defenders, the offices of the state attorneys, the guardian ad litem offices, the offices of criminal conflict and civil regional counsel, and the offices of the clerks of the circuit and county courts; and the capability to connect those entities and reporting data to the state as required for the transmission of revenue, performance accountability, case management, data collection, budgeting, and auditing purposes. The integrated computer system shall be operational by July 1, 2006, and, at a minimum, permit the exchange of financial, performance accountability, case management, case disposition, and other data across multiple state and county information systems involving multiple users at both the state level and within each judicial circuit and be able to electronically exchange judicial case background data, sentencing scoresheets, and video evidence information stored in integrated case management systems over secure networks. . . ."
Subsection (1)(h) defines "existing multiagency criminal justice information systems." Pursuant to the statute, these include, but are not limited to:
"[T]hose components of the multiagency criminal justice information system as defined in s. 943.045, supporting the offices of the circuit or county courts, the public defenders' offices, the state attorneys' offices, or those portions of the offices of the clerks of the circuit and county courts performing court-related functions that are used to carry out the court-related activities of those entities. This includes upgrades and maintenance of the current equipment, maintenance and upgrades of supporting technology infrastructure and associated staff, and services and expenses to assure continued information sharing and reporting of information to the state. The counties shall also provide additional information technology services, hardware, and software as needed for new judges and staff of the state courts system, state attorneys' offices, public defenders offices, guardian ad litem offices, and the offices of the clerks of the circuit and county courts performing court-related functions."
Thus, section 28.24(12)(e), Florida Statutes, requires the county commission to use the $2.00 distribution from the clerk exclusively to fund those computer network communication services projects and existing multiagency criminal justice information systems as described in sections 29.008(1)(f)2. and (h). This money can be put to no other purpose.
The technology about which you inquire, VoIP, provides a unified telephone and computer network system. The telephone voice and facsimile signals are converted into digital information packets and are transmitted over dedicated computer data lines rather than by more traditional telephone transmission lines. I recognize that section29.008(1)(f)1., Florida Statutes, deals specifically with "telephone system infrastructure" and that section 28.24(12)(e), Florida Statutes, does not specifically include this telephone system infrastructure within the scope of those systems to which the $2 fee may be applied. However, VoIP technology does not utilize traditional telephone system infrastructure and a large proportion of the utility of this system is directed to data transmission within the county computer system. It is therefore my opinion that VoIP technology would appear to come within the scope of those things constituting "computer networks, systems and equipment" and "upgrades and maintenance" of current equipment and supporting technology infrastructure under sections 29.008(1)(f)2. and (h), Florida Statutes.
Thus, it is my opinion that the Clay County Board of County Commissioners may allocate proceeds of the service charge distributed under section 28.24(12)(e), Florida Statutes, for payment of the cost of installing fiber optic cable throughout the county courthouse, if the cable will be employed to transmit the digitized voice, facsimile, and data signals of a unified telephone and computer network.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] I would note that section 28.35(4)(a), Florida Statutes, also ensures that the court-related functions funded from service charges are strictly limited:
"The list of court-related functions clerks may fund from filing fees, service charges, court costs, and fines shall be limited to those functions expressly authorized by law or court rule. Those functions must include the following: case maintenance; records management; court preparation and attendance; processing the assignment, reopening, and reassignment of cases; processing of appeals; collection and distribution of fines, fees, service charges, and court costs; processing of bond forfeiture payments; payment of jurors and witnesses; data collection and reporting; processing of jurors; determinations of indigent status; and reasonable administrative support costs to enable the clerk of the court to carry out these court-related functions."
[2] See s. 29.008(1), Fla. Stat. (for purposes of s. 29.008, the term "circuit and county courts" includes the offices and staffing of the guardian ad litem programs; the term "public defenders' offices" includes the offices of criminal conflict and civil regional counsel).